UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------X
In Re:

          PEGGY BRADY,

                  Debtor(s).
-----------------------------------------------------------X

Case No. 19-35325 (cgm)

Chapter 13

### APPLICATION IN SUPPORT OF MOTION TO EMPLOY RE/MAX CLASSIC REALTY AS REAL ESTATE BROKER *NUNC PRO TUNC*

**TO HONORABLE CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE SOUTHERN DISTRICT OF NEW YORK:**

      The application of Peggy Brady ("Debtor"), by her attorneys, the Law Office of Rick S. Cowle, P.C., respectfully presents:

      1.      Peggy Brady is the Debtor herein, having filed a petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code on March 5, 2019.

      2.      The Debtor owns certain real property located at 8 Noel Court, Brewster, NY 10509 (the "Property"), which is owned by her in fee simple. Said Property was listed on Schedule A of the within bankruptcy petition.

      3.      In order to successfully confirm and complete her Chapter 13 reorganization, the Debtor must sell the Property.

      4.      The Debtor desires to employ RE/MAX Classic Realty ("RE/MAX") as her real estate broker to market and sell the Property, as well as, to advise the Debtor with respect to the preparation and pricing of the Property, to take all necessary steps to list, market and sell the Property subject to Court approval and to perform such other real estate services for the Debtor that may be necessary in order to successfully market and sell the Property. Retention of

RE/MAX is sought pursuant to 11 U.S.C. §327(a). *See* Exclusive Right to Sell Agreement attached hereto as Exhibit A. Further, the Debtor requests that the application be made *nunc pro tunc*.

5. Upon information and belief, and as more fully set forth in the annexed affidavit of the broker John Piazza, RE/MAX has no connection with the creditors or any other party in interest or their respective attorneys.

6. Upon information and belief, and as more fully set forth in the annexed affidavits of the broker John Piazza, RE/MAX: (i) does not hold or represent any interest adverse to the Debtor with respect to the matter for which it being retains: (ii) is a "disinterested person" as defined in 11 U.S.C. § 101(14); (iii) does not have any connection with the Debtor, its estate or creditors; and (iv) holds no interest adverse to the estate within the meaning of 11 U.S.C. § 327(a).

7. The Debtor believes that the employment of RE/MAX is in the best interest of the estate.

8. Pursuant to the Brokerage Agreement, RE/MAX will receive a total of **6%** of the sales price for the Property. *See* Exhibit A.

9. RE/MAX understands that payment of commissions and sale of the Property is subject to Court approval pursuant to 11 U.S.C. § 330 and the applicable Federal Rules of Bankruptcy Procedure and will be paid at closing and split with any cooperating Broker(s) provided such amounts are approved by the Court in an Order Authorizing Debtor's Sale of the Property.

WHEREFORE, the Debtor respectfully requests that she be authorized to employ RE/MAX as real estate broker *nunc pro tunc* on the terms and conditions set forth herein.

Dated:   Carmel, New York
         May 16, 2019

The Law Office of Rick S. Cowle, P.C.
*Attorney for the Debtor*

/s/ Rick S. Cowle
Rick S. Cowle, Esq.
18 Fair Street
Carmel, New York 105012
(845) 225-3026